Filed 9/16/24  P. v. Moreno CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDDIE FERNANDO MORENO,<br><br>    Defendant and Appellant. | B333875<br><br>(Los Angeles County<br>Super. Ct. No. LA039438) |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory A. Dohi, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

This appeal requires that we opine on the interplay between Penal Code[1] sections 1170.126 and 1172.75, an issue currently pending before our Supreme Court. Section 1170.126 was enacted when voters passed Proposition 36, also known as the Three Strikes Reform Act of 2012 (Reform Act). Proposition 36 amended the Three Strikes law to provide that going forward a defendant with two or more prior serious or violent felony convictions, whose current conviction was for a nonserious or nonviolent felony, would no longer receive a life sentence unless the prosecution pleaded and proved certain aggravating factors. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) Section 1170.126 sets forth a procedure for persons serving a life term pursuant to the Three Strikes law that was imposed prior to the Reform Act's effective date to petition for resentencing if their third conviction was for a nonserious and nonviolent felony. (§ 1170.126, subd. (b).) Upon such a petition, the trial court must reduce such a third strike sentence to double the term for the current offense "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (*Id.*, subd. (f).)

Section 1172.75, subdivision (a) provides that most prior prison term enhancements (former § 667.5, subd. (b)) imposed before January 1, 2020, are invalid. Subdivision (c) of section 1172.75 states that if a current judgment includes an invalid prior prison term enhancement, the court must recall the sentence and resentence the defendant. Section 1172.75, subdivision (d)(2) requires that, in addition to removing the prior prison enhancements, at resentencing the court must "apply any

---

[1] All unspecified statutory references are to the Penal Code.

other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." The resentencing must result in a lesser sentence than was originally imposed "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1).)

A question has arisen over whether section 1170.126 provides the exclusive method to reduce a third strike component of any pre-Reform Act sentence, or whether a court resentencing pursuant to section 1172.75 must reduce a pre-Reform Act third strike sentence for a nonserious and nonviolent felony unless the prosecution pleads and proves disqualifying factors to support the existing sentence. Every single Court of Appeal to consider this question has held that the resentencing provisions of section 1170.126 provide the exclusive mechanism for reducing a third strike sentence for a nonserious and nonviolent felony, and that "applying the revised penalty provisions of the . . . Reform Act to reduce a defendant's indeterminate life term to a determinate term when the defendant is being resentenced under section 1172.75 due to an invalid prior prison term enhancement unconstitutionally amends the resentencing procedure and requirements set forth in section 1170.126 of the voter-approved . . . Reform Act." (*People v. Superior Court (Williams)* (2024) 102 Cal.App.5th 1242, 1250, review granted Aug. 28, 2024, S286128; accord, *People v. Santos* 2024) 100 Cal.App.5th 666, review granted May 29, 2024, S284341; *People v. Kimble* (2024) 99 Cal.App.5th 746, review granted Apr. 24, 2024, S284259; *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305.)

3

Defendant Eddie Fernando Moreno and the Attorney General both urge us to adopt the view of the lone justice that has dissented from this view. (*People v. Superior Court (Guevara)*, *supra*, 97 Cal.App.5th at pp. 988-995 (dis. opn. of Baltodano, J.).) We decline to do so for the reasons explained below.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2001, while Elena Hiller was packing her belongings into her truck, Moreno approached her with a knife and demanded she hand over her wallet to him. When Hiller told him she only had one dollar, Moreno demanded the keys to her truck, made her get into the vehicle with him, and drove away with her in the truck. After driving a few blocks, Moreno took Hiller's wallet, forced her out of the truck, and drove away. About a week later, officers observed Moreno driving the truck. They tried to initiate a traffic stop but Moreno sped away and evaded the pursuing police vehicle for five or six miles before the chase ended. When Moreno was arrested police found a knife and cocaine on his person.

In 2003, a jury convicted Moreno of carjacking (§ 215, subd. (a); count 1), robbery (§ 211; count 2), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 3), evading an officer (*id*., § 2800.2, subd. (a); count 4), and possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 5). As to counts 1 and 2, the jury also found that Moreno used a knife (§ 12022, subd. (b)(1)-(2)).

The trial court found true the allegations that Moreno had suffered two prior serious or violent felony juvenile adjudications for robbery with the use of a firearm and robbery with the use of a deadly weapon which both qualified as strikes within the

4

meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and that he had served three prior prison terms (§ 667.5, subd. (b)). The court sentenced Moreno to an aggregate prison term of 80 years to life, composed of third-strike terms of 26 years to life on count 1, 26 years to life on count 2, and 25 years to life on count 4, as well as three years for the three prior prison term enhancements.[2]

In March 2014, Moreno timely petitioned for relief under section 1170.126. The court denied the petition, finding that Moreno was ineligible for relief. The court construed language in section 1170.126 which states that "[a]n inmate is eligible for resentencing if: [¶] . . . [¶] . . . [t]he inmate's current sentence was not imposed for *any* of the offenses" included in the list of violent and serious felonies (*id.*, subd. (d)(2), italics added) to mean that Moreno was eligible for relief only if *all* his current commitment offenses were nonserious and nonviolent. Because Moreno's current counts of conviction included serious and violent felonies, the court found him ineligible for relief. The record does not indicate Moreno sought review of this determination.

In 2015, our Supreme Court rejected the notion that section 1170.126, subdivision (d)(2) disqualifies an inmate from resentencing relief under the Reform Act unless all of the prisoner's current commitment offenses are nonserious and nonviolent. (*People v. Johnson* (2015) 61 Cal.4th 674, 688-695.) After acknowledging the statute's ambiguity, the court held "resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is

---

[2] Moreno received a stayed term of 25 years to life on count 3 and a concurrent term of 25 years to life on count 5.

5

serious or violent." (*Id.* at p. 695.) The record does not indicate that Moreno sought to challenge the trial court's prior ruling regarding his eligibility for resentencing under section 1170.126 after the Supreme Court decided *Johnson*.

In 2022, Moreno moved for resentencing under section 1172.75 following a referral by the Department of Corrections and Rehabilitation recommending the court recall his sentence. Moreno requested dismissal of the three one-year prior prison term enhancements imposed as part of his sentence, reduction of count 5 to a misdemeanor pursuant to Proposition 47, and dismissal of one or more of his prior strikes pursuant to section 1385. He also requested "a full resentencing" where he would receive the benefit of any other ameliorative sentencing provisions enacted after his prior sentence became final. Nothing in the record indicates, however, that he requested that the court resentence him in accord with the Reform Act; as noted above, his only requests with regard to his third strike sentences were the *Romero*[3] motion to strike one of his prior strikes and his request to stay the sentence on count 2 so that it did not run consecutively.

The trial court recalled Moreno's sentence and, on August 28, 2023, resentenced him. The court struck the three one-year prior prison term enhancements, reduced count 5 to a misdemeanor, and stayed the sentence on count 2 pursuant to section 654. The court denied Moreno's *Romero* motion to dismiss his prior strikes pursuant to section 1385. The court effectively left the remainder of Moreno's sentence in place, imposing a new sentence of 51 years to life.

---

[3] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

6

Moreno does not contend the trial court erred in resentencing him to 26 years to life on count 1, as carjacking is both a serious (§ 667.5, subd. (c)(17)) and violent (§ 1192.7, subd. (c)(27)) felony and therefore not subject to the Reform Act provisions regarding nonserious, nonviolent third strike convictions. Moreno instead argues, and the Attorney General agrees, that the trial court erred in failing to reduce Moreno's sentence for evading an officer (count 4), which is not a serious or violent felony, to a second-strike determinate term. In the parties' view, current law states that a defendant with two or more prior serious or violent felony convictions cannot receive a life sentence for a current felony conviction that is a nonserious or nonviolent felony unless the prosecution pleads and proves certain disqualifying factors. (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C).) Because the prosecution did plead or prove such factors here, the parties argue we should remand this matter for Moreno to be resentenced on count 4.[4]

We are not bound by the Attorney General's concession, and thus independently analyze this issue. (*People v. Kimble*,

---

[4] Although Moreno's resentencing counsel did not specifically argue section 1170.126 applied to him, Moreno has not waived the issue. An unauthorized sentence, meaning one that "cannot 'lawfully be imposed under any circumstance in the particular case' [citation], . . . is reviewable 'regardless of whether an objection or argument was raised in the trial and/or reviewing court.' [Citations.] An obvious legal error at sentencing that is 'correctable without referring to factual findings in the record or remanding for further findings' is not subject to forfeiture. [Citations.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 887.)

*supra*, 99 Cal.App.5th at p. 749 ["As a general rule, we are not bound by concessions made by the People in a criminal case. [Citation.]  And here, we are not inclined to give the Attorney General's concession significant deference, as the issue before us turns on a question of statutory interpretation."].)  We agree with the opinions to date that have analyzed this issue, all of which have rejected the position advocated by Moreno and the Attorney General.

In a nutshell, the parties' "view of section 1172.75, subdivision (d)(2), automatically mandates the trial court to reduce [Moreno's] indeterminate life term imposed [on count 4] under the Three Strikes law to a determinate term . . . .  Under this view, section 1172.75, subdivision (d)(2), renders void for those lucky enough to have had a prior prison term enhancement the provisions of section 1170.126, requiring the filing of a petition, the deadline for filing the petition, and the trial court's discretion to deny the petition on the ground of an unreasonable risk to public safety." (*People v. Superior Court (Guevara)*, *supra*, 97 Cal.App.5th at p. 984.)  We have several problems with this position, all of which prior courts have noted.

For starters, such a construction of section 1172.75 would unconstitutionally amend section 1170.126.  The Reform Act "allows the Legislature to amend it by statute only if the statute passes each house of the Legislature by a vote of two-thirds of the membership.  (Prop. 36, § 11, subd. (b).)  Senate Bill No. 483 (2021-2022 Reg. Sess.), codified as section 1172.75, did not pass the senate with a two-thirds vote.  [Citation.]" (*People v. Superior Court (Guevara)*, *supra*, 97 Cal.App.5th at p. 985.)  The parties' interpretation of section 1172.75 would unconstitutionally amend section 1170.126 in multiple ways.

8

First, it would eliminate the requirement that a resentencing petition for a pre-Reform Act Three Strikes sentence be filed within two years of the effective date of the Reform Act (in other words, no later than November 2014), and only later upon a showing of good cause.  (*People v. Superior Court (Williams), supra*, 102 Cal.App.5th at p. 1267.)

Second, it improperly expands the scope of retroactivity contemplated by the Reform Act and conflicts with our Supreme Court's guidance in *People v. Conley* (2016) 63 Cal.4th 646. (*People v. Kimble, supra*, 99 Cal.App.5th at pp. 753-755.)  In *Conley*, the "Supreme Court decided 'whether third strike defendants who were sentenced under the Three Strikes law before November 7, 2012, but whose judgments were not yet final as of that date, are entitled to automatic resentencing under the revised penalty provisions of the Reform Act.' [Citation.]  The court concluded they were not and 'instead may seek resentencing by petitioning for recall of sentence under section 1170.126.' [Citation.]" (*People v. Santos, supra*, 100 Cal.App.5th at p. 674.)  "Thus, we are bound by *Conley* to conclude that, as to [Moreno], even during a full resentencing, the Reform Act cannot be applied retroactively to entitle him to automatic resentencing outside of section 1170.126." (*Id.* at p. 675; see also *People v. Superior Court (Williams), supra*, 102 Cal.App.5th at pp. 1262-1264[5]; *People v. Kimble, supra*, 99 Cal.App.5th at p. 758.)  Put

---

[5] Although she agreed the application of section 1172.75 urged by the parties here would constitute an impermissible amendment to the Reform Act, Justice Mary J. Greenwood dissented from the majority's retroactivity analysis and would have read section 1172.75 to allow defendants a renewed opportunity to petition for relief under section 1170.126 in

differently, with regard to any third strike component of his sentence, Moreno had to file a petition to recall that sentence and request resentencing under section 1170.126. (*People v. Conley*, *supra*, 63 Cal.4th at pp. 657-659.)

Third, the parties' interpretation would unconstitutionally amend the trial court's discretion not to reduce a third strike sentence if "resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) Moreno points out that in most of the prior published cases, the Three Strikes defendants being resentenced under section 1172.75 had previously been denied relief under section 1170.126 based on findings that they posed a danger to society. (*People v. Superior Court (Williams)*, *supra*, 102 Cal.App.5th at p. 1249; *People v. Kimble*, *supra*, 99 Cal.App.5th at p. 750; *People v. Superior Court (Guevara)*, *supra*, 97 Cal.App.5th at p. 982; but see *People v. Santos*, *supra*, 100 Cal.App.5th 666 [no indication that the defendant previously petitioned for relief under § 1170.126].) Moreno asserts the court's failure to make a finding of dangerousness when ruling on his prior section 1170.126 petition means the question of whether section 1172.75 unconstitutionally amends the court's discretionary authority

connection with a resentencing request under section 1172.75. (*People v. Superior Court (Williams)*, *supra*, 102 Cal.App.5th at pp. 1268-1274 (conc. & dis. opn. of Greenwood, J.). Here, Moreno's prior section 1170.126 petition was denied on procedural grounds later disapproved by our Supreme Court, and nothing we say here prohibits him from filing a second section 1170.126 petition provided that he can show good cause for his delay in doing so. (See § 1170.126, subd. (b).)

under section 1170.126 to deny relief where resentencing would pose an unreasonable risk of public danger is not ripe as to him.

We disagree. Section 1170.126 permits a court to deny resentencing if it finds by a preponderance of the evidence that doing so would pose a danger to the public. (*Id.*, subd. (f).) Section 1172.75, however, ratchets up that burden up to the higher one of clear and convincing evidence. (*Id.*, subd. (d)(1).) This is not an insignificant change and, more to the point, amounts an unconstitutional end run around the requirement of a two-thirds vote in the Legislature to amend section 1170.126. (See *People v. Superior Court (Guevara)*, *supra*, 97 Cal.App.5th at p. 985.)

It would also materially alter without the required two-thirds vote the express factors in section 1170.126, subdivision (g) governing a court's discretion in determining whether the petitioner poses a risk to public safety. Both sections 1170.126 and 1172.75 permit the court to consider the defendant's disciplinary record and record of rehabilitation while incarcerated. (Compare § 1170.126, subd. (g)(2) with § 1172.75, subd. (d)(3).) The overlap, however, ends there. Section 1170.126, subdivision (g)(3) permits consideration of "evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety"; section 1172.75, subdivision (d)(3) uses more restrictive language permitting consideration of evidence that has "reduced the defendant's risk for future violence" as opposed to other types of public safety risks. A court in a section 1170.126 proceeding can consider the petitioner's criminal history in assessing public safety risks (*id.* subd. (g)(1)); section 1172.75, subdivision (d) lists only

11

postconviction factors and thus does include prior criminal history as a permissible consideration.  A court hearing a section 1172.75 petition may consider "evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice" (*id.*, subd. (d)(3)); section 1170.126, subdivision (g) does not list this as a permissible consideration.  Permitting section 1172.75 to override these express provisions in section 1170.126 "would conflict with the Reform Act's intent to protect the public from people who pose an unreasonable risk of danger to public safety." (*People v. Kimble*, *supra*, 99 Cal.App.5th at pp.754-755, italics omitted; see also *People v. Superior Court (Williams)*, *supra*, 102 Cal.App.5th at pp. 1261-1262 [reaching similar conclusion].)

Beyond these constitutionality concerns, the parties' interpretation of section 1172.75 also fails to promote sentencing uniformity, one of that statute's express goals.  (§ 1172.75, subd. (d)(2).)  Instead, the parties' interpretation "carv[es] out a favorable exception for a specific subset of defendants—those sentenced under the former Three Strikes law who may be eligible for resentencing as second strike offenders and who received a prior prison term enhancement within the ambit of [section 1172.75].  This exception would grant those defendants mandatory relief under the [Three Strikes] Reform Act, requiring the court to resentence them as second strike offenders, while leaving otherwise similarly situated inmates with only the Reform Act's (time-limited) petition process as a path to resentencing, with its assessment of disqualifying factors and discretionary weighing of safety and recidivism considerations." (*People v. Kimble*, *supra*, 99 Cal.App.5th at p.755.)

Despite all of the above, the parties urge us to adopt the view expressed by Justice Hernaldo Baltodano in his dissent in *People v. Superior Court (Guevara)*, *supra*, 97 Cal.App.5th at pages 988-995. That view rests on the assertion that a resentencing under section 1172.75 is a full resentencing, and therefore a defendant like Moreno is entitled to be resentenced as though he was just convicted of a nonviolent and nonserious offense. We reject that premise for the same reason the majority in *Guevara* did, namely that the portion of Moreno's sentence mandated by the Three Strikes law was not vacated and thus not subject to resentencing in a section 1172.75 proceeding. (*People v. Superior Court (Guevara)*, *supra*, at p. 986.) Simply put, "because section 1172.75 was not enacted by a two-thirds vote of both houses of the Legislature, it is not the mechanism for relief for those serving an indeterminate term pursuant to the Reform Act." (*Id*. at p. 987.) With regard to his third strike sentence on count 4, Moreno "is entitled to resentencing only upon a successful petition under section 1170.126." (*People v. Santos*, *supra*, 100 Cal.App.5th at p. 676.)

13

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED


                                        WEINGART, J.


We concur:



        BENDIX, Acting P. J.



        KELLEY, J.*

---

        * Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


14